NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 6, 2008
Decided October 21, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3634

|  |  |
|---|---|
| KELVIN B. HOLMES,<br><br>        *Plaintiff-Appellant*,<br><br>    *v.*<br><br>WESTSIDE VETERANS<br>ADMINISTRATION HOSPITAL,<br>        *Defendant-Appellee*. | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division.<br><br>No. 04 C 2287<br><br>Matthew F. Kennelly,<br>    *Judge*. |

**O R D E R**

This court has carefully reviewed the final order of the district court, the record on appeal, and the briefs filed by the parties.

Accordingly, IT IS ORDERED that this case is summarily affirmed and we adopt as our own the attached order of the district court dated October 4, 2007.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2287 | **DATE** | 10/4/2007 |
| **CASE TITLE** | Holmes vs. Westside VA Hospital | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants defendant's motion for summary judgment [docket no. 71]. The Clerk is directed to enter judgment in favor of the defendant.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Kelvin Holmes has sued the United States under the Federal Tort Claims Act (FTCA) alleging that he was mistreated at the Westside VA Hospital in December 2003. The Court earlier dismissed the suit for failure to exhaust administrative remedies, but the Court of Appeals reversed and remanded. The Court takes its description of Mr. Holmes' case from the Court of Appeals' decision:

> Holmes was receiving outpatient care from the Drug Dependency Treatment Center at the Westside Veterans Administration Hospital in Chicago, Illinois. He alleges that staff at the center "harassed" him during a December 2003 visit by insulting him and invading his privacy. When he "spoke out" against this abuse, he says, guards at the center forcibly escorted him to the Westside emergency room. While there, Holmes alleges, he was strapped to a bed, injected with substances in both arms, and rendered unconscious. The next day his keys and wallet were returned, and he was released. When he reached home, however, Holmes concluded that his appearance had been changed: his hair was "cut and thinned," his hairline was "raised," his eyebrows and mustache thinned, his bread left with "spots and gashes in it," and his "teeth had been bucked." According to his complaint, he also found semen stains in his underwear. By the end of the following month, Holmes continues, his lips had "collapsed," his right nostril was "stretched," and all of the hair on his chest, stomach, legs, and arms was done. And, Holmes adds, after his release his identification has "looked different," and there has been "constant and suspicious rambling" in his home.

*Holmes v. US Dep't of Veterans Affairs,* 173 Fed. App'x 490, 491, 2006 WL 751353, at *8 (7th Cir. Mar. 24, 2006).

Though, as noted earlier, the primary issue the Seventh Circuit considered was administrative exhaustion, it

also dealt with the government's alternative argument that Mr. Holmes had failed to state a claim. In this regard, the court stated that "to the extent that Holmes alleges that the VA altered his appearance, he recognize that his complaint is delusional." *Id.* at 493, 2006 WL 751353, at \*3. The Court stated, however, that Mr. Holmes had stated a claim arising from his allegations that he was taken to the emergency room against his will and forced to undergo treatment while held overnight. *Id.*

The government has moved for summary judgment. First, it argues that to the extent Holmes has asserted a claim of medical malpractice, he cannot succeed because he has obtained no expert testimony to establish the standard of care or the physicians' deviation from that standard, as required by Illinois law, which applies in cases under the FTCA. Second, the government argues that to the extent Holmes alleges an intention tort, it is barred by an exception to the FTCA.

In response, Mr. Holmes has submitted his own affidavit. He states that after he disputed insults and harassment by a clinic doctor named Dr. Craig, five VA police officers strapped him to a bed and kept him there even though a Dr. Eiger gave orders not to restrain him. He further states that he was abused and mistreated while unconscious for over eleven hours. Holmes asserts that excessive force was used to strain him and that this was done due to his race.

As a threshold matter, Mr. Holmes contends that he has requested appointment of counsel and indicates that he needs counsel to be able to pursue his case. The docket reflects that Mr. Holmes has filed two motions for appointment of counsel. The first one, filed at the time Mr. Holmes filed his case, *see* docket no. 4, was rendered moot when the Court initially dismissed the case on May 5, 2004. The Court later reinstated the case, *see* docket no. 15, but the record does not reflect that Mr. Holmes renewed his motion for appointment of counsel following reinstatement. Mr. Holmes filed his second motion for appointment of counsel on September 19, 2005, when the case was on appeal after the Court had again dismissed it. *See* docket no. 34. The Court denied the motion because the case was on appeal and advised Mr. Holmes to file his motion in the court of appeals. *See* docket no. 36. The record does not reflect that Mr. Holmes renewed his motion for appointment of counsel after the court of appeals remanded the case.

To the extent that Mr. Holmes is suggesting that he made a verbal request for appointment of counsel and the Court denied it, though the Court does not recall that having happened, denial of the motion would have been appropriate. First, there would be no appropriate basis to appoint counsel to represent a *pro se* party on claims that have been characterized as delusional. Second, to the extent that Mr. Holmes is alleging not a claim of medical malpractice but a claim that he was wrongfully held and treated against his will, development of the factual basis for that claim would not have been outside of Mr. Holmes' competence – indeed he did what he needed to do in this regard in submitting a sworn declaration in response to the United States' motion for summary judgment.

The Court therefore turns to the merits. The Court agrees with the government that to the extent Mr. Holmes is claiming medical negligence, his claim fails because he has offered no expert opinion regarding the standard of care or any physician's deviation from the standard of care. *See Jones v. Chicago HMO Ltd. of Ill.,* 191 Ill. 2d 278, 295, 730 N.E.2d 1119, 1130 (2000). Given the court of appeals characterization of Mr. Holmes' claim about having his appearance altered as being "delusional," this Court cannot say that the claim falls within an exception to the expert testimony requirement.

Based on Mr. Holmes' response to the government's motion, however, his real claim appears to be that he was restrained and subjected to treatment against his will by persons working for the government. That amounts to a claim of false imprisonment, assault, battery, or all three. The FTCA, however, specifically

| STATEMENT |
|---|

provides that claims of this type may not be asserted against the government under the FTCA. *See* 28 U.S.C. § 2680(h). The statute allows a plaintiff to make such a claim directly against the government employees who committed the false imprisonment or battery, *see id.,* but in this case, Mr. Holmes has sued only the government, not the VA police officers or the doctors that he says are responsible for holding and treating him against his will. And even if Mr. Holmes now were to institute a suit against those officers, it would be barred by the statute of limitations, which gives a plaintiff two years from the commission of a tort to file suit. *See Delgado-Brunet v. Clark,* 83 F.3d 339, 342 (7th Cir. 1996).

For these reasons, the Court grants defendant's motion for summary judgment [docket no. 71]. The Clerk is directed to enter judgment in favor of the defendant.